TYACK, J., dissenting.
 

 {¶ 69} I feel that much of what the legislature did with respect to the collection of income taxes levied by municipal corporations makes sense. The parts of the legislation with which I disagree are the charging municipalities of one-half percent of all net profit taxes and allowing the state to keep as much as one-half of those taxes. No matter how you spin it or attempt to gloss over it, the state of Ohio is charging municipalities a tax. I do not believe the state of Ohio can legally tax municipalities. Nor do I believe the state of Ohio can legally seize and keep 50 percent of the net-profit tax due to a municipality, whether you call it a penalty or call it something else. I note that the state of Ohio now apparently has the sole power to decide if it can keep half of the tax revenue due to a city or municipality. An Ohio statute, passed by the Ohio legislature and signed by an Ohio governor, supposedly gives the state of Ohio the power to take large sums of income tax monies due cities and municipalities irrespective of local codes and ordinances. Apparently the legislature and the trial court feel that Home Rule does not apply in tax matters. I fear the majority of this court reinforces that feeling.
 

 {¶ 70} The Supreme Court of Ohio has ignored the One-Subject Rule repeatedly, especially when laws are enacted at the end of a legislative session, commonly called a Lame Duck Session. The same is true when state budgets are being enacted. I doubt that the Supreme Court of Ohio will begin to enforce the One-Subject Rule any time soon, but I am willing to be proven wrong on that issue.
 

 {¶ 71} In short, the cities and municipalities are right to contest this legislative action to allow the state to seize and keep large sums of local tax dollars. I am especially not impressed by the attempt to avoid the clear requirements of the Home Rule Amendment.
 

 {¶ 72} I dissent.